# RICHARD B. LIND

ATTORNEY AT LAW

488 MADISON AVENUE

19TH FLOOR

NEW YORK, N.Y. 10022

---

TELEPHONE (212) 888-7725

FACSIMILE (212) 371-2961

E-MAIL: rlindesq@aol.com

WEBSITE: www.richardlindlawyer.com

March 9, 2012

<u>By FedEx</u>

## SENTENCING MEMORANDUM

Hon. Raymond J. Dearie
United States District Judge
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    <u>United States v. Jose Moreno-Montenegro</u>
                  06 CR 775 (RJD)

Dear Judge Swain:

      This Sentencing Memorandum is submitted on behalf of Defendant Jose Moreno-Montenegro, who is scheduled to be sentenced on March 23, 2012. For the reasons set forth below, it is respectfully requested that Moreno-Montenegro be given a non-Guidelines sentence, well below the applicable sentencing range.

### Background

      As stated in the pre-sentence investigation report ("PSR"), the Indictment in this case charges Defendant in two counts. Count One alleges that between May 2005 and February 2006, Defendant conspired with others to import heroin into the United States, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(1)(A). Count Two charges that during the same time period as Count One, Defendant, together with others, conspired to distribute heroin, intending that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963, 959 (a)(1), 960(a)(3), and 960 (b)(1)(A). There is no written plea agreement in this case. PSR, ¶¶ 1-3.

      On August 11, 2011, Defendant pleaded guilty before this Court to both Counts. After detailing the offense conduct, <i>id.</i>, ¶¶ 4-9, the PSR computes Defendant's Total Offense Level as 31, PSR, ¶¶ 13-27, which includes a two-level reduction for satisfying

the "safety valve" requirements. The PSR states that Defendant's Criminal History Category to be I. *Id.*, ¶ 31. Accordingly, the PSR calculates Defendant's Guidelines sentencing range to be 108-135 months. *Id.*, ¶ 60.

### Letters In Support of Defendant

Annexed hereto cumulatively as Exhibit A is a group of heartfelt letters from Moreno-Montenegro's wife, two daughters, and other relatives, who express deeply how they miss Defendant. Annexed as Exhibit B is a photograph of defendant and wife, and their two daughters. Annexed as Exhibit C. are two MDC Education Department certificates which attest to Defendant's achievements while incarcerated, and a work performance evaluation. Finally, annexed as Exhibit D is a letter from Defendant detailing the harsh conditions in the Colombian jails, where Defendant was housed prior to his extradition to the United States.

### Discussion

The Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that the mandatory nature of the United States Sentencing Guidelines violated the Sixth Amendment. In its remedy opinion, the Court severed 18 U.S.C. § 3553(b)(1), which had rendered the Guidelines binding on federal sentences. This left 18 U.S.C. § 3553(a) in effect. In a series of subsequent decisions, the Supreme Court and the Second Circuit have confirmed that under the advisory Guidelines regime, "a sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008); *see Gall v. United States*, 552 U.S. 38 (2007).

While the Guidelines sentencing range is 108 to 135 months, it is respectfully that the Court impose a sentence well below the lower end of the suggested range for a number of compelling reasons. First, Defendant has no prior criminal record. Moreover, he is extremely contrite about his involvement in the charged offenses.

Second, we submit that the Court should consider the "5H" specific offender characteristics, specifically sentencing Policy Statements 5H1.1 (Age), 5H1.3 (Mental and Emotional Conditions), and 5H1.4 (Physical Condition). In the wake of *Booker*, these provisions permit district courts to vary based on how the listed factors inform the 18 U.S.C. § 3553(a) analysis. *United States v. Davis*, 537 F.3d 611, 616–17 (6th Cir. 2008) (§ 5H1.1); *see also United States v. Escobar-Arias*, No. 96 CR 418 (JG), 2011 WL 133031 (E.D.N.Y. Jan. 14, 2011).

With respect to age, post- *Booker*, many courts have observed that recidivism is markedly lower for older defendants. *See, e.g., Simon v. U.S.*, 361 F.Supp.2d 35, 48 (E.D.N.Y.2005); *United States v. Hernandez*, 03 Cr. 1257, 2005 WL 1242344, *5 (S.D.N.Y. May 24, 2005.; *see also United States v. Hodges*, No. 07 CR 706 (CPS), 2009 WL 366231, *8 (E.D.N.Y. Feb. 12, 2009)("At the age of 43, defendant is substantially older than the average defendant charged with drug trafficking. The Guidelines do not

take into account the inverse relationship between age and recidivism. Accordingly, I will also take into account defendant's age in fashioning his sentence"). Here, Defendant is nearly fifty. The likelihood of recidivism is substantially diminished.

With respect to physical condition, his youthful abuse, detailed in the PSR, ¶¶ 35, 42, we submit, have substantially scarred him. Finally, on this ground, Defendant is at best a reformed alcoholic who needs active treatment.

Finally, Moreno-Montenegro has strong support from his wife and children, who will reduce the risk of future criminal conduct. *See e.g. United States v. Hernandez-Castillo*, No. 05 Cr. 1033 (RWS), 2007 WL 1686686, *5 (S.D.N.Y. Jun. 7, 2007)("Also pursuant to § 3553(a)(1), the Court takes note of the significant network of friends and family that is ready to support Hernandez-Castillo upon his release from prison").

### Conclusion

In sum, we submit this Court should balance the need for meaningful deterrence with section 3553(a)'s statutory demand to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, *see* 18 U.S.C. § 3553(a). Moreover, as in *Gall*, a very long sentence of imprisonment would be "counter-effective." Instead, we respectfully submit, a sentence well below the Guidelines sentencing range would satisfy the commands of the Guidelines, since it would permit Defendant to return to his family

Respectfully submitted,

Richard B. Lind

Enclosures
cc: Shannon Jones, Esq. (w/ encls.)(by ECF)
    U.S. Probation Officer James Foster (w/ encls.)(by fax)